IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Setep El Bey, | ) | C/A No.: 3:13-845-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Edward L. Grimsley; Benjamin E. Grimsley; | ) | |
| Timothy Johnson, Jr.; CitiFinancial, Inc.; | ) | |
| Palmetto Citizens FCU; Kevin Taylor; | ) | |
| Loc Phan; Grimsley Law Firm, LLC; | ) | |
| South Carolina State Housing Authority; | ) | |
| Midland Mortgage Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a self-represented litigant, files this complaint alleging that he has an interest in property under foreclosure in state court that is superior to any such interests held by the defendants. (ECF No. 1 at 6–7.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. For the reasons that follow, the court concludes that this matter should by summarily dismissed without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

The Complaint alleges that "Citifinancial, Inc. has or may claim an interest in the subject property by virtue of that mortgage from Timothy Johnson, Jr. and Blythe S. Johnson dated November 18, 2005 . . . . [t]he interest of the Defendant Citifinancial, Inc. is junior and subordinate to the Plaintiff." (ECF No. 1 at 6.) Defendant Palmetto Citizens FCU is named for having or claiming an interest "in the subject property by

virtue of that Judgment against Timothy Johnson, Jr. dated December 14, 2006," however, Plaintiff claims such interest "is junior and subordinate to the lien of the Plaintiff." (*Id.* at 6–7.) Defendant Kevin Taylor allegedly has, or may claim an interest in, the property under foreclosure "by virtue of that Judgment against Timothy Johnson, Jr. dated September 4, 2007," and defendant Loc Phan may have an interest in said property pursuant to an order of default judgment against "Tim Johnson, Todd Dale and T and T Home improvement dated May 25, 2010." (*Id.* at 7.) Plaintiff claims that these judgments are also "junior and subordinate" to Plaintiff's lien. (*Id.*) Plaintiff seeks "a response to all the documents that [he has] on file in the county courthouse on the foreclosure hearing," so that he may have "questions answered and prove fraud was committed by these corporations and to get relief." (*Id.* at 8.)

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555−56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307−08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

B.    Analysis

1.  Plaintiff fails to demonstrate federal jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation

4

PJG

omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13–16 (1978). This Court has no diversity jurisdiction over this case because Plaintiff fails to demonstrate that he and the defendants are citizens of different states. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not assert that the defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction

3:13-cv-00845-TLW    Date Filed 05/13/13    Entry Number 10    Page 6 of 9

otherwise evident from the face of the pleading.  Instead, the complaint alleges a claim of fraud, which is a matter of state law to be heard in the state courts, unless diversity of citizenship is present.  *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (holding that district court did not abuse its discretion in declining to retain jurisdiction over state law claims); *Sokolich v. Sokolich*, 2011 WL 5508843, C/A No. 1:11-2157-MBS-PJG, at *3 n.1 (D.S.C. Oct. 3, 2011) (recommending that court decline to exercise jurisdiction over a plaintiff's state law fraud claim where no basis for federal jurisdiction demonstrated) (Report and Recommendation adopted in 2011 WL 5508829 (D.S.C. Nov. 10, 2011)).

> 2.  Plaintiff fails to name defendants amenable to suit under 42 U.S.C.
>     § 1983

Plaintiff does not expressly reference the Constitution and its Amendments in this case.  However, to the extent the complaint's allegations may be liberally construed as a civil rights action under 42 U.S.C. § 1983, the case is also subject to summary dismissal. In order to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff identifies several of the defendants as private individuals or companies proclaiming an interest in property involved in a state foreclosure action.  However, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365

U.S. 715, 721 (1961). Because Plaintiff fails to demonstrate any "state action" by defendants Timothy Johnson, Jr., CitiFinancial, Inc., Palmetto Citizens FCU, Kevin Taylor, Loc Phan, and Midland Mortgage Corporation, the complaint's allegations against these defendants are subject to summary dismissal from any § 1983 claims asserted by Plaintiff.

Plaintiff also names two attorneys and a law firm allegedly involved in the foreclosure litigation: Grimsley Law Firm, LLC; Edward L. Grimsley; Benjamin E. Grimsley. It is well-settled that an attorney does not act under color of state law when performing traditional functions as counsel. *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975) ("[i]t is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law"). Therefore, defendants Grimsley Law Firm, LLC, Edward L. Grimsley, and Benjamin E. Grimsley are also entitled to summary dismissal from any § 1983 claims Plaintiff may be asserting.

Finally, Plaintiff names one possible state actor, the South Carolina Housing Authority. The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662−63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101−02 (1984); *see also*

*Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).   While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1]   Therefore, the South Carolina State Housing Authority is  protected from any claims raised by Plaintiff under § 1983 by the Eleventh Amendment.  *See Alden v. Maine*, 527 U.S. 706, 712−13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).

Accordingly, Plaintiff has failed to allege sufficient factual allegations to raise a plausible § 1983 claim supporting federal question subject matter jurisdiction.  *See Holloway v. Pagan River Dockside Seafood, Inc.,* 669 F.3d 448, 452–53 (4th Cir. 2012).

III.    Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent Plaintiff moves under 42 U.S.C. § 1983, Congress has not abrogated the states' sovereign immunity under that Statute.  *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).  Further South Carolina has not consented to suit in federal district court.  S.C. Code Ann § 15-78-20(e).

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).